IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-00124-CMA

BERNARD E. HALLMON, an individual

    Plaintiff,

v.

ADVANCE AUTO PARTS, INC., d/b/a Advance Stores Company, Inc.,
a Delaware corporation,

    Defendant.

---

### SPECIAL VERDICT FORM

---

We, the jury, present our Answers to Questions submitted by the Court, to which we have unanimously agreed:

**Question No. 1:** Did Plaintiff Hallmon prove, by a preponderance of the evidence, the elements of either of his claims for race discrimination as set forth in Instruction No. 11?

    \_\_\_\_ Yes        **X** No

**Question No. 2:** Did Plaintiff Hallmon prove, by a preponderance of the evidence, the elements of either of his claims for retaliation as set forth in Instruction No. 13?

    **X** Yes        \_\_\_\_ No

If you answered "Yes" to either or both Questions No. 1 or No. 2, proceed to Question No. 3. If you answered "No" to both Questions No. 1 and No. 2, skip Question Nos. 3, 4, 5, 6, 7, and 8, and proceed to Question No. 9.

**Question No. 3:** Did Defendant Advance prove, by a preponderance of the evidence, that it would have taken the same adverse action regardless of Plaintiff Hallmon's race and/or Plaintiff Hallmon's engagement in protected activity?

_____ Yes        __X__ No

If you answered "Yes" to Question No. 3, skip Question Nos. 4, 5, 6, 7, and 8, and proceed to Question No. 9. If you answered "No" to Question No. 3, then proceed to Question No. 4.

**Question No. 4:** Based on Instruction 23, what is the amount of Plaintiff Hallmon's economic damages and damages for emotional pain and mental anguish incurred as a result of Defendant Advance's race discrimination and/or retaliation?

Economic Damages:                $ ~~160,000~~ 155,000

Emotional Pain and Mental Anguish Damages:     $ 140,000

**Question No. 5:** Did Defendant Advance prove, by a preponderance of the evidence, that Plaintiff Hallmon failed to make reasonable efforts to reduce his damages for loss of compensation by seeking alternative employment?

_____ Yes        __X__ No

If you answered "Yes" to Question No. 5, then proceed to Question No. 6. If you answered "No" to Question No. 5, then skip Question No. 6 and proceed to Question No. 7.

**Question No. 6:** By what amount do you reduce Plaintiff Hallmon's economic damages?                              $_____

**Question No. 7:** Do you find by a preponderance of the evidence that Plaintiff Hallmon is entitled to recover punitive damages from Defendant Advance for any of his claims for race discrimination under Instruction No. 11 and/or retaliation under Instruction No. 13?

__X__ Yes        _____ No

If you answered "Yes" to Question No. 7, proceed to Question No. 8. If you answered "No" to Question No. 7, skip Question No. 8 and proceed to Question No. 9.

**Question No. 8:** What is the amount of punitive damages for Defendant Advance's race discrimination and/or retaliation claims?   $ 350,000

**Question No. 9:** Did Plaintiff Hallmon prove, by a preponderance of the evidence, the elements of his claim of violation of the Colorado Wage Claim Act as set forth in Instruction No. 21?

   _X_ Yes       ____ No

If you answered "Yes" to Question No. 9, proceed to Question Nos. 10 and 11. If you answered "No" to Question No. 9, skip Question Nos. 10 and 11 and sign the verdict form.

**Question No. 10:** Based on Instruction 21, what is the amount of Plaintiff Hallmon's actual damages incurred as a result of Defendant Advance's violation of the Colorado Wage Claim Act?   $ 2,563.15

**Question No. 11:** Do you find by a preponderance of the evidence that Advance's violation of the Colorado Wage Claim Act was willful under Instruction No. 21?

   ____ Yes       _X_ No

**Please sign and date this Verdict Form on the lines provided below.**

12 Feb 2013
_____
Date

_____
Foreperson